UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELISABETH REISS, INDIVIDUALLY AND AS THE EXECUTRIX OF THE ESTATE OF MICHAEL REISS,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONINO PIRONE, MERCHANTS MUTUAL INSURANCE COMPANY, JOHN DOE(S) 1-10, and ABC CORPORATION(S) 1-10,<br><br>Defendants. | 1:19-cv-21163-NLH-JS<br><br>**OPINION** |
| ELISABETH REISS, INDIVIDUALLY AND AS THE EXECUTRIX OF THE ESTATE OF MICHAEL REISS,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONINO PIRONE, MERCHANTS MUTUAL INSURANCE COMPANY, BOROUGH OF PRINCETON, STATE OF NEW JERSEY, STATE FARM INDEMNITY COMPANY,<br><br>Defendants. | 1:19-cv-21386-NLH-JS |

**APPEARANCES:**

NICHOLAS J. SANSONE
COOPER LEVENSON, P.A.
1415 MARLTON PIKE (ROUTE 70) EAST
CHERRY HILL PLAZA
SUITE 205
CHERRY HILL, NJ 08034
   *On behalf of Plaintiffs*

GAETANO MERCOGLIANO
SWEENEY & SHEEHAN
SENTRY OFFICE PLAZA
SUITE 701
216 HADDON AVE.
WESTMONT, NJ 08108
    *On behalf of Defendant Merchants Mutual Insurance Company*

**<u>HILLMAN</u>, District Judge**

According to Plaintiffs' complaint, on July 30, 2019, Defendant Antonino Pirone struck and killed Michael Reiss with a Ford 350 truck while Michael Reiss was crossing a street in Princeton, New Jersey.  Pirone held an insurance policy on his vehicle issued by Defendant Merchants Mutual Insurance Company ("Merchants").

On November 15, 2019, Merchants filed a declaratory judgment action in the Trenton vicinage against Pirone and the Plaintiffs here, Elisabeth Reiss and the Estate of Michael Reiss, under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that the insurance policy it issued to Pirone is void due to a material misrepresentation in Pirone's insurance application.  (<u>See</u> MERCHANTS MUTUAL INSURANCE COMPANY v. PIRONE et al., 3:19-cv-20366-FLW-TJB.)  Merchants argues that it has no obligation to defend or indemnify Pirone, or pay damages to any other entity (including Plaintiffs here) in connection with the accident.

On November 20, 2019, Plaintiffs here filed a lawsuit against Pirone and Merchants in New Jersey state court, seeking

a declaration, *inter alia*, that the accident was a covered occurrence under Pirone's policy such that Merchants was required to indemnify and defend Pirone. On December 3, 2019, Plaintiffs filed an amended complaint naming as additional defendants the Borough of Princeton, the State of New Jersey Department of Transportation, and State Farm Indemnity Company.

On December 6, 2019, prior to being served with the amended complaint in the state court action, Merchants removed Plaintiffs' original complaint to this Court. (1:19-cv-21163-NLH-JS.) Merchants' notice of removal averred that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a). Merchants is a citizen of New York (state of incorporation and its principal place of business)[1] and the Estate and the decedent are citizens of New Jersey.[2] Merchants averred that Pirone was fraudulently joined and his citizenship - New Jersey - should be disregarding for establishing subject

---

[1] See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

[2] See 28 U.S.C. § 1332(c)(2) (providing "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

matter jurisdiction under § 1332(a).[3]

On December 16, 2019, after being served with Plaintiffs' amended complaint, Merchants removed the amended complaint, which was assigned a new civil action number, 1:19-cv-21386-NLH-JS.  Merchants' notice of removal of the amended complaint averred the same basis for removal, but further contended that the citizenship of the newly added defendants should be disregarded because they were fraudulently joined to defeat diversity jurisdiction.  On January 23, 2020, the two cases were consolidated.

In the meantime, Plaintiffs moved to remand their case to

---

[3] With regard to Defendant Antonino Pirone, Merchant states that he is a citizen of New Jersey, which would defeat diversity jurisdiction, but contends that Pirone was either fraudulently joined or should be aligned as a plaintiff.  The Court notes, however, that "[b]ecause a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Moreover, "in applying the fraudulent joinder doctrine, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed." Hogan v. Raymond Corp., 536 F. App'x 207, 211 (3d Cir. 2013) (citation omitted).  A "joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer, 913 at 111 (citation omitted).  Because the Court will issue an Order to Show Cause on the issue of standing, the Court will not consider Merchants' fraudulent joinder argument or realignment argument at this time.

state court, arguing that the non-diverse defendants were not fraudulently joined. Plaintiffs reject Merchants' argument that their claims only seek a declaration as to the viability of the insurance policy Merchants issued to Pirone, and that determination has no relation to any dispute between Plaintiffs, Pirone, and the other defendants.[4]

A threshold issue in every case is the determination of whether this Court may exercise subject matter jurisdiction. In addition to the dispute over whether subject matter jurisdiction may be exercised under § 1332(a), this Court also finds that Plaintiffs' case may present an additional defect of subject matter jurisdiction – Plaintiffs' standing to assert their claims against Merchants. Even if subject matter jurisdiction

---

[4] Also during this time, the actions against Pirone were stayed because of his bankruptcy, and he has failed to appear in this or the Merchants action. On June 10, 2020, Pirone's bankruptcy was discharged and the action closed in the bankruptcy court. (See In re Antonino S. Pirone, 19-33353-KCF.) Plaintiffs have moved to lift the stay against Pirone (see 1:19-cv-21386, Docket No. 12), and the Magistrate Judge has ordered further briefing (see 1:19-cv-21386, Docket No. 15; 1:19-cv-21386, Docket No. 17). The automatic stay provision of 11 U.S.C. § 362 applies, however, only to proceedings "against the debtor," and to pending bankruptcies. In re Prommis Holdings, LLC, 665 F. App'x 238, 240 (3d Cir. 2016) (citing Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448-49 (3d Cir. 1982)) (other citations omitted). Thus, whether Plaintiffs' action here is actually a viable action "against the debtor [Pirone]" who has a pending bankruptcy shall be resolved after the Court considers the parties' responses to the Order to Show Cause, discussed below.

5

is proper under § 1332(a), Plaintiffs must also have standing to bring their claims in order to proceed with their case.[5]

"Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (quoting Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)). Article III's standing requirement "is every bit as important in its circumscription of the judicial power of the United States as in its granting of that power," and invoking the power of the federal judiciary requires more than important issues and able litigants. Id. (quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 476 (1982)).

"Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.' That case or controversy requirement is satisfied only where a plaintiff has standing." Id. at 257-58 (quoting Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269 (2008)). In order to have Article III standing, a plaintiff

---

[5] The Court further observes that even if subject matter jurisdiction may be established, Merchants' declaratory judgment action against Pirone and Plaintiffs regarding the validity of the insurance policy and Merchants' obligations to indemnify and defend Pirone in any lawsuit by Plaintiffs against Pirone may implicate Fed. R. Civ. P. 42(a).

must adequately establish: (1) an injury in fact (i.e., a "concrete and particularized" invasion of a "legally protected interest"); (2) causation (i.e., a "fairly traceable" connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit). Id. (quoting Sprint Commc'ns Co., 128 S. Ct. at 2535 (quoting Lujan, 504 U.S. at 560-61) (further quotation, alterations omitted)).

At first blush, it appears that Merchants' declaratory judgment action and Plaintiffs' declaratory action are two sides of the same coin. Merchants seeks a declaration as to its obligations under the insurance policy issued to Pirone, and it includes Plaintiffs as parties in interest, while Plaintiffs also seek a declaration as to Merchants' obligations under the insurance policy issued to Pirone, and Plaintiffs include Pirone as a party in interest.[6] A significant difference between the two cases, however, is Plaintiffs' standing to bring their claims.

---

[6] For this analysis, the Court puts aside the additional defendants named by Plaintiffs in their amended complaint. As recently found by Judge Wolfson in the Merchants' declaratory judgment action, those additional defendants are not necessary parties required to be joined in that action under Fed. R. Civ. P. 19, as argued by Plaintiffs here, and as Defendants in that action. (3:19-cv-20366-FLW-TJB, Docket No. 10 at 9.)

It is well-settled that Merchants' declaratory judgment action, which includes a declaration of obligations against its insured and the party allegedly injured by the insured, is proper. In Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 347-48 (3d Cir. 1986), the insurance company, Kemper, brought a declaratory judgment action against its insured, Rauscher, and the parties Rauscher injured in an automobile accident, the Griffiths. Kemper brought its action while the Griffiths' tort claims were pending against Rauscher in state court, and it desired a determination of the extent of its obligation to Rauscher.

The Griffiths filed their answer, asserting, among other things, that Kemper's policy should be construed to provide coverage for the accident. Rauscher failed to answer and Kemper moved for default judgment against Rauscher. The district court, holding that the Griffiths' rights were purely derivative of Rauscher's rights, entered judgment against the Griffiths, after default judgment had been entered against Rauscher.

The Griffiths appealed, and in considering the issues of standing presented by this procedural posture, the Third Circuit observed:

> We must determine whether the rights of an injured party within the procedural context of a declaratory judgment action are truly derivative of the rights of the co-defendant insured. If the rights of the injured party, in this case the Griffiths, are derivative, and not

8

> independent, then a default judgment against the insured must lead to a judgment against the injured party. The federal court would no longer have proper jurisdiction over the case, because in the absence of the insured, in this case Rauscher, there would be no real dispute between Kemper, the insurance company, and the Griffiths, the injured parties.
>
> On the other hand, if there existed a "case or controversy" between the insurance company and the injured party then the default judgment against the insured would not oust the court of jurisdiction over the matter; the case would be justiciable even in the absence of the insured.

Rauscher, 807 F.2d at 351.

The Third Circuit concluded that a "case or controversy" existed between Kemper and the Griffiths, and that the Griffiths had standing to defend the declaratory judgment action despite the absence of Rauscher, the actual insured. Id. at 353. A more recent Third Circuit case explained the reasoning in Rauscher:

> [In Rauscher,] [w]e recognized that a "case or controversy" must exist between the insurance company and the injured third party under such circumstances, since the insurance company brought the declaratory judgment action against the injured third party in the hope of attaining a binding judgment against both the insured and the injured party. Taking a "realistic" approach, we concluded that the injured party has an independent right to present its case upon the ultimate issues, apart from that of the insured, because "'in many of the liability insurance cases, the most real dispute is between the injured third party and the insurance company, not between the injured and oftentimes impecunious insured.'"

American Auto. Ins. Co. v. Murray, 658 F.3d 311, 319 (3d Cir. 2011) (discussing Rauscher) (quoting 6A James Wm. Moore et al.,

9

Moore's Federal Practice ¶ 57.19).

Plaintiffs' complaint here presents a different procedural posture. Where in Rauscher the insurance company sought a declaration of its obligations under an insurance contract it issued and entered into with its insured, Plaintiffs have sought a declaration of the obligations of an insurance contract to which they are not a party. This procedural posture is identical to the one presented in Carrasquillo v. Kelly, 2018 WL 1806871, at *1 (E.D. Pa. 2018), which raised the same standing concerns as this Court.

In Carrasquillo, the administratrix of the estate of the deceased killed in a shooting brought a declaratory judgment action in state court against the shooter's homeowner's insurance company, which removed the case to federal court on diversity jurisdiction. The court *sua sponte* raised the issue of the plaintiff's standing to bring her action, and ordered briefing on the issue. The court noted that neither party cited to any opinion from the Third Circuit holding that an injured third party has standing to bring a declaratory judgment action against the insurance company of the insured tortfeasor. Carrasquillo, 2018 WL 1806871, at *2. The court further distinguished Rauscher and similar cases, stating that in those cases an injured third party had standing to *defend* itself in a declaratory judgment action brought by an insurer against its

insured and the injured third party, and not where an injured party brings a declaratory judgment action against an insured and its insurer, a standing issue presented as one of first impression and not yet addressed by the Third Circuit. Id. (emphasis in original). The court concluded that the plaintiff lacked standing where she sought a declaration about third parties' legal interests rather than her own. Id. The court elaborated:

> As noted, in her declaratory judgment complaint, Carrasquillo has requested a declaration that Nationwide has a duty to defend and to indemnify Nancy Kelly for the personal injury/wrongful death and survival claims asserted in the underlying state court litigation. In so doing, Carrasquillo is requesting a declaration regarding what an insurer (Nationwide) is required to do for its insured (Nancy Kelly), and not about what the insurer (Nationwide) is required to do for Carrasquillo. Clearly, Carrasquillo is asserting the legal interests of a third party (Nancy Kelly) rather than her own and, thus, has no standing to pursue such a claim. Further, Carrasquillo has not alleged that she has been assigned any rights of Nancy Kelly under the Nationwide insurance policy at issue. Thus, Carrasquillo has not presented to this Court an actual and justiciable controversy sufficient to provide the Court with subject matter jurisdiction over this action. Accordingly, since this Court lacks subject matter jurisdiction, this matter must be remanded to the state court from which it came.

Id. at *4. Other courts have come to the same conclusion. See, e.g., Joseph Oliver Construction, LLC, v. Utica First Insurance Company, 2020 WL 3791564, at *5 (E.D. Pa. July 7, 2020) ("We are persuaded by the reasoning in Carrasquillo and similar cases, and agree that an injured third party affirmatively seeking a

11

declaratory judgment against an insurer lacks standing to do so."); Mager v. Travelers Home and Marine Insurance Company, 2020 WL 211548, at *4 (E.D. Pa. Jan. 14, 2020) (approving of Carrasquillo and finding "[a]s a third-party plaintiff to the insurance policy at issue, Ms. Mager has not demonstrated that she has standing to seek declaratory judgment in this lawsuit as a matter of federal common law"); Hickey v. Zurich American Insurance Company, 2019 WL 6037080, at *2 (W.D. Pa. 2019) ("Although neither Carrasquillo, nor ANI, are binding on this Court, this Court concurs with the logic behind these decisions. First, while clear precedent handed down by the United States Court of Appeals for the Third Circuit indicates that injured third parties – such as Plaintiff, in the instant matter – possess standing to defend themselves in a declaratory judgment action brought by an insurer of the alleged tortfeasor, there is no precedent from our Court of Appeals allowing an injured, third party such as Plaintiff, here, to pursue a declaratory judgment against the insurer of the alleged tortfeasor-insured.").

Consequently, based on the same reasoning expressed in Carrasquillo and other courts, this Court will direct the parties to show cause, within 15 days of today, as to why the stay should not be lifted against Pirone, and as to why Plaintiffs' case should not be remanded for lack of Article III

12

standing, and therefore lack of subject matter jurisdiction.[7]  An appropriate Order will be entered.


Date: July 22, 2020                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

[7] The Court recognizes that if this Court concludes, like the court in Carrasquillo and others, that Plaintiffs lack standing to bring their claims for declaratory relief against Merchants, Plaintiffs obtain the remand they are seeking.  The Court takes no position on how that finding would affect the viability of Plaintiffs' case once it returns to state court, other than to note that according to Rauscher and its progeny, Plaintiffs may still advance their claims, by way a defense, in the Merchants declaratory judgment action.

13