UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELISABETH REISS,<br>INDIVIDUALLY AND AS THE<br>EXECUTRIX OF THE ESTATE OF<br>MICHAEL REISS,<br><br>           Plaintiffs,<br><br>     v.<br><br>ANTONINO PIRONE, MERCHANTS<br>MUTUAL INSURANCE COMPANY,<br>JOHN DOE(S) 1-10, and  ABC<br>CORPORATION(S) 1-10,<br><br>           Defendants. | 1:19-cv-21163-NLH-JS<br><br>**OPINION** |
| ELISABETH REISS,<br>INDIVIDUALLY AND AS THE<br>EXECUTRIX OF THE ESTATE OF<br>MICHAEL REISS,<br><br>           Plaintiffs,<br><br>     v.<br><br>ANTONINO PIRONE, MERCHANTS<br>MUTUAL INSURANCE COMPANY,<br>BOROUGH OF PRINCETON, STATE<br>OF NEW JERSEY, STATE FARM<br>INDEMNITY COMPANY,<br><br>           Defendants. | 1:19-cv-21386-NLH-JS |

**APPEARANCES:**

NICHOLAS J. SANSONE
COOPER LEVENSON, P.A.
1415 MARLTON PIKE (ROUTE 70) EAST
CHERRY HILL PLAZA
SUITE 205
CHERRY HILL, NJ 08034
     *On behalf of Plaintiffs*

GAETANO MERCOGLIANO
SWEENEY & SHEEHAN
SENTRY OFFICE PLAZA
SUITE 701
216 HADDON AVE.
WESTMONT, NJ 08108
   *On behalf of Defendant Merchants Mutual Insurance Company*

**HILLMAN, District Judge**

On July 22, 2020, this Court issued an Order to Show cause as to why the bankruptcy stay should not be lifted against Defendant Antonino Pirone, and as to why Plaintiffs' case should not be remanded for lack of Article III standing, and therefore lack of subject matter jurisdiction.  (1:19-cv-21163-NLH-JS, Docket No. 18, 19; 1:19-cv-21386-NLH-JS, Docket No. 16, 17.)  The Court directed the parties to respond within 15 days, which was August 6, 2020.

On August 6, 2020, Defendant Merchants filed a response stating that it "does not object to the remand of the action based on the Plaintiffs' lack of standing to bring an action directly against the alleged tortfeasor's insurance company."[1]

---

[1] Merchants also contends that the Court's ruling that Plaintiffs lack standing has a collateral estoppel effect when the matter is remanded to state court.  The Court reiterates its prior Opinion, which noted, "The Court takes no position on how that finding [Plaintiffs' lack of standing in this Court] would affect the viability of Plaintiffs' case once it returns to state court."  (1:19-cv-21163-NLH-JS, Docket No. 18 at 13, n.7.)

(1:19-cv-21163-NLH-JS, Docket No. 20.) Merchants also states that it "has no objection to the lifting of the Bankruptcy Stay as to Mr. Pirone."[2] (Id.) On August 17, 2020, Plaintiffs filed a letter stating that they do not oppose remand, as that was the very relief they had sought by filing their motion to remand.[3] (1:19-cv-21386-NLH-JS, Docket No. 18.) Pirone has never appeared in these actions.

Consequently, for the reasons expressed in the Court's July 22, 2020 Opinion, the bankruptcy stay as to Pirone shall be lifted, and the action shall be remanded to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Plaintiffs' motion to remand will therefore be granted,

---

[2] Merchants further states, "the Stay should also be lifted as to Mr. Pirone and discovery permitted as to Mr. Pirone in the Declaratory Judgment Action filed by Merchants (Case 3:19-cv-20366)." (1:19-cv-21163-NLH-JS, Docket No. 20.) This Court takes no position on that request because Merchants' declaratory judgment action is not pending before this Court.

[3] In their letter, Plaintiffs object to Merchants' collateral estoppel argument. Again, that issue is not before the Court. Plaintiffs are silent as to their position on lifting the bankruptcy stay as to Pirone, but prior filings by Plaintiffs have requested that relief. (See 1:19-cv-21386-NLH-JS, Docket No. 12.)

and Merchants' motion to stay the action pending Pirone's bankruptcy will be denied as moot.

An appropriate Order will be entered.


Date:  August 25, 2020                s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.